111 Class 3-9 Modern Drop Forge v. Bessie Tarnas Good morning, Your Honors. May I please the Court, Counsel? My name is Lisa Barbieri and I represent Modern Drop Forge. The issue in this case is whether a petitioner's claim is barred by the statute of limitations under Section 60 of the Act. A quick refresher on 60, it provides that a claim must be filed within three years of the date of accident or within two years of the date of the last payment of compensation, whichever is later. Payment of compensation includes group insurance benefits. In this case, petitioner alleged an accident to her right arm while raking steel forgings. She eventually had surgery in April of 1998. The bills are not submitted through Workmen's Comp. Instead, they're submitted through group insurance. An application for adjustment of claim listing the accident date of September 24th, 1998 was filed on October 7th, 1999. Petitioner obtains new counsel in 2001, who determines that the application needs to be corrected and amends the application in 2002, changing the accident date to May 22nd, 1996, but adds a note to the application stating last payment of benefits pursuant to Section 8J of the Workmen's Comp. Act received subsequent to April 1st, 1998. It is clear from the amended application counsel knew he had a problem with the dates as alleged. A trial. Respondent argues this claim is outside the statute of limitations. Respondent agrees it paid for part of petitioner's group insurance, but petitioner never submits any evidence that any bills were paid after April 1st, 1998. Well, didn't the claimant testify that medical bills were paid through the employer's group plan after her surgery? That's correct. And there was no argument as to whether or not the bills were paid. The bills were paid. The request for hearing form states paid in full. There are no dates on the request for hearing form. She never testifies to any dates that her bills were paid. But while Respondent and Petitioner agree all the bills were paid, there's no evidence in the record of any of the dates that any of the payments were made. Petitioner argues that the amendments to pleadings should be liberally allowed. But at what point are we going to draw the line? While Respondent agrees the amendments are allowed to comport to the proofs, in this case, where's the proof? If the purpose of the statute of limitations is to protect employers against claims too old to be investigated, how can an employer be expected to defend against a claim from May of 1996 when it was not aware that the accident was related to petitioner's surgery until 2002, some four years later? How can Respondent be expected to defend a claim this old? In 2002, petitioner's surgery was now four years old. It would have been futile to schedule a Section 12 exam. Petitioner claims that because Respondent stipulated to an H.A. credit on the request for hearing form, that somehow Respondent stipulated payments were made after a certain date. This is just smoke and mirrors. All Respondent stipulated to was that the bills were paid and a potential credit existed. The actual form says paid in full. However, no dates are listed. How do you respond to this argument? Pursuant to Section 8J, the relevant limitations period did not begin to run until the termination of group non-occupational disability payments. Would you agree with that? I do agree with that. The evidence showed the earliest those payments could have been made was April 1998. Although the claimant did not establish the precise date upon which the payments terminated, they necessarily had to terminate after April 1998. The claimant's original application for benefits was filed less than 18 months later in October 1999. Whether payments last occurred in April 1998 or thereafter, the claimant's October 1999 application for adjustment of claim was within the limitations period, wasn't it? But it was never proven when those payments were made. There was no proof. He knew before we went into trial, he knew that this was going to be an issue. There was a note when he amended that application in 2002 that he knew there was a problem, that he put that note specifically in there. Then why wouldn't he have come to trial with some proof that payments were made? We don't disagree that payments were made, but there are no dates. All right. We'll ask him. Petitioner urges this Court to allow her to circumvent the statute of limitations and render it annullity, having no proof that any payments were made on any date certain, that we should all just believe that payments were made subsequent to April 1st, 1998, according to counsel's note on the application, without any evidence being offered. Respondent respectfully requests this Court reverse the order of the Circuit Court of Cook County, finding the decision of the Commission as contrary to the manifest way of the evidence, and further find petitioner's application for adjustment of claim as time-barred. Thank you. Thank you. Good morning. May it please the Court, counsel. I'm Richard Greenfield for the appellee, Ms. Carnes. He's throwing down the gauntlet. He's saying there's no evidence whatsoever when these payments were last made. Okay. Well, the first misunderstanding is that the payments that we talk about are not the payments for medical bills. The payments that were made were for the payments for lost time. The lost time is stipulated as to the April 22 through May 10, 1998, and as the arbitrator pointed out, those payments were made either contemporaneously or shortly thereafter. So the payments we're talking about are not medical bills. They're time lost. She testified that during the time she was off, she received those benefits. Those benefits are pursuant to 8J. 8J is clear. And, you know, we didn't put the little line on the bottom of the application about last payment pursuant to 8J because we thought there was a problem. We did it so that the document itself on its face showed a cause of action. It showed a cause of action that the payment, that the filing was within two years, and there's a question whether it's two or three under the language of 8J, but at least within two years of the last payment of benefits. And because of that, the initial filing was correct. The initial filing was on August, October 7 of 99. That date was within the period after the payment of benefits. 8J is clear. The act is clear. Everything was filed. Give me the date the benefits ceased. The dates benefits ceased? Yes. We don't know the exact dates they ceased, but they were after May 10 of 1998, which was the last date that she was off. And May 10 to 1998 to the initial filing of October 7, 99 is within the two-year period. If it had been later, it would have been closer. Is there any evidence in the record that they paid these disability benefits in advance? No. I don't know that they knew what dates they would be. The stipulation was that they were off during that period and that during that period she received benefits, and they were 8J benefits. They were not workers' compensation. So the arbitrator more or less inferred that they wouldn't have paid these a year earlier, that since it was group disability, they must have paid it at the time or after, and either of those interpretations will be within the statute of limitations? I would say that's correct. In my 40-odd years of doing this, I've never seen compensation paid in advance. Yeah. But basically, you know, it's a question of law. It's a question of the statute. It's a question of arithmetic. We know what date the accident occurred. The accident, the app was properly amended under the rules of the commission. The app was filed within two years of the last payment under 8J. The language in the decision that the arbitrator wrote and that was affirmed by the commission, except for one clerical error, was to show that it was a proper filing, and the statute of limitations problem I don't believe exists in this case. And we ask that the decision of the arbitrator, the commission, and the circuit court be affirmed. Thank you. Ms. Little. Just very briefly. We did stipulate to the last time. We're not disputing that. But, again, we did not stipulate to the dates that payments were made. Nothing was entered into evidence. Keep your voice up, please. I'm sorry. You did stipulate that payments were made, just not the dates paid. Correct. And you agree that it was for disability, right? Correct. But we are still prejudiced by him six years after the accident date coming in and changing an accident. The date was 1998 originally, and now going back to saying, okay, now it's 1996. This is in 2002. How is the employer supposed to go back? And is that an issue you've raised? That's an issue in our brief. Well, I know about statute of limitations, but you were prejudiced in an inability to find proof or things like that. To even tie her surgery to her accident. By the time 2002 came around, she had her surgery in 1998. So that surgery was four years old. How could we get a Section 12 exam? It would be worthless. The surgery is just too old. And, again, counsel still has no dates. It comes in today with no dates as to when anything was paid. Well, as my other accountant raised the point, were they going to pay benefits before there was any type of a claim filed? I mean, if you look at the chronology of events, wouldn't it of necessity have to be subsequent to that? Logically, that would be the case. Right. Okay. But I would still argue that we are still prejudiced by coming in that late in the day. If that's the point of the statute of limitations, well, this statute of limitations just has no limits then. Then it really isn't protecting the employer. You can come in six years later. You would not be able to determine when payments were made if you look at it. But is that our burden? I'm not saying it is, but you're saying logic would dictate this, therefore we just throw logic out the window, even though we have the manner and mechanism to totally refute the claim. I understand the burden, but it sounds a little bit trite to say, well, you know, we know for certain it was paid outside. And I'm sure we could find the date that payments were made. Right. That's sort of my thought. I'm sure that that is possible. Okay. Thank you, Your Honor. The court will take the matter under advisement for disposition.